The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Craig H.D. Armand presiding. Morning, counsel, this is 425-0342, people of the State of Illinois v. Rico-Froylan. Could counsel for the appellant please state your name for the record? Cheryl Ruggies. Thank you, counsel. And counsel for the appellate, could you please state your name for the record? Ponder Goodin, sir. Thank you. Counsel for the appellant, you may proceed. Thank you, your honor. Good morning, your honors, and may it please the court. Counsel, my name is Cheryl Ruggies. I'm sorry to interrupt, but could you possibly turn your volume up a little bit? Maybe it's just me, but. Well, I, I'm having trouble too. Or maybe lean closer to your microphone or something. Okay, is that better? Yes, it is. Okay. Good morning, your honors and may it please the court. Counsel, my name is Cheryl Ruggies. I'm with the State Appellate Defender's Office and I represent Mr. Rico-Froylan. Under the unambiguous plain language of section 541C15. An offense that carries a mandatory minimum sentence of imprisonment simply means that the offense carries a minimum sentence of imprisonment, regardless of whether that offense also allows for probation or conditional discharge. For example, a defendant convicted of a class 3 felony retail theft would be able to get a sentence under 2 years in prison under the statute. If the trial court found that probation or conditional discharge would deprecate the seriousness of the offense, but 2 years was simply too much. Any other interpretation of this statute renders 2 out of the 3 enumerated categories meaningless. Turning back to retail theft, the range of punishments for retail theft go from a class A misdemeanor to a class 2 felony. There is no version of retail theft that is non-probationable. The other category mentioned in section 541C15 is driving under revoked license due to unpaid financial obligations. The most extreme punishment under that offense is where a defendant picks up 3 or more convictions for that offense. He'd be subject to a minimum term of imprisonment of 30 days or 300 hours of community service. There's no version of driving under revoked license due to unpaid financial obligations that is not... Counselor, can I ask a question? Yes, Your Honor. Is this case here because the trial court has improperly applied 541C15? No, Your Honor. The trial court did not apply that statute. This issue was raised in the amended post-plea motion, but the trial court didn't discuss it at all. So, if this isn't here because of an improper application or misapplication, is the court required to utilize C1.5 in sentencing this defendant? No, the trial court is not required to apply the statute when sentencing the defendant. This case is in front of this court, so this court can determine whether defendants in this position have the right to ask for the trial court to apply the statute. Under People v. Lee... Well, is that really the question? He may have the right to ask for it. The question is, is the court required to impose it? No, the trial court is not required to impose it. Okay. So, what is our standard of review for an excessive sentence claim? For an excessive sentence claim, it would be abusive discretion. Okay. And counsel... Go ahead. Please, go ahead. Well, I was just going to follow up on Justice DeArmond's last question. In your brief, you assert that de novo review applies in this case because you claim that the trial court failed to exercise discretion at all. Is that correct? Yes, Your Honor. Didn't the trial court indicate that it was fully aware of all of the sentencing alternatives it could utilize? Your Honor, at that time, at the time that this post-plea motion, the sentencing hearing, the post-plea motion, and the amended post-plea motion were filed, People v. Lee was precedent in the trial court. So, the trial court could not utilize this statute to give a lesser prison sentence. The trial court very specifically stated that in sentencing Mr. Rico Broiland from the beginning, he said that he was aware of his limited options, those limited options being probation or the mandatory minimum 10-year prison sentence. And to clarify, Your Honor, this is not an excessive sentence argument. The senator reviews de novo because we're asking this court to interpret section 541C15 of the  But you've already acknowledged that the court isn't required to utilize it, so it's a matter of the court's discretion, right? Yes, Your Honor. Okay. And in fact, what happened was that there was a sentencing hearing that statute was never referenced by counsel. There was a motion for reconsideration. It was never referenced. The appellate defender then suggested to counsel an amended motion raising this issue. The amended motion was filed. It was heard. The trial court acknowledged that it had read the motion. It was aware of the motion. It had taken into consideration, on the third bite of the apple now, the trial court had once again taken into consideration the presumption of probation. It had taken into consideration all the factors in aggravation and mitigation. So I think the question boils down to once the trial court makes the determination that regardless of all of these other circumstances, probation would deprecate the seriousness of the offense and be inconsistent with the ends of justice, what obligation does it have to utilize this section? Your Honor, the record is pretty silent on whether the trial court actually considered this issue. Yes, this issue was included in the amended post-plea motion. Well, he said he was aware of the motion. He read your motion and your motion outlines it, not your motion, but counsel's motion. And the motion, paragraph 789, argue application of the section, correct? Yes, Your Honor, but counsel very clearly only argued for probation at the hearing on the amended motion to reconsider. And at that time when the amended post-plea motion was filed, the trial court did not have discretion to apply this statute. This issue does come before the court in a unique procedural posture, but we'd ask this court to examine the statute to determine whether it applies to Class 1 felonies. Well, it doesn't matter whether it applies to Class 1 felonies or not. What matters is this court had already determined and determined twice more, even after being apprised of the section, that probation for a defendant who has pled guilty to serving as a mule for 11 pounds of cocaine was not appropriate. Once the court makes the determination that probation is not an option, what sentencing option did it have? Your Honor, under Section 541C15, the trial court had the option to impose a lesser prison sentence, which is... No, it's already said it's not going to impose probation and any probation would be, would deprecate the seriousness of the offense. It's also said that the 10-year sentence was appropriate, said that twice in light of the circumstances of the offense. What you're asking us is to impose our discretion on the trial court's discretion and make a determination that, no, the sentence should be less. Isn't that really what this boils down to? No, Your Honor, because the trial court, while this issue was raised in the amended post-plea motion, the trial court did not have the ability to apply the statute. And where the record is otherwise silent... What do you mean it didn't have the ability? Your Honor, People v. Lee predates this hearing, this amended post-plea motion hearing. At that time, People v. Lee very specifically set out that Class 1 felony drug possession... Did the court say anywhere in the record, you know, but for People v. Lee, I would have considered an alternative, but I'm bound by... I mean, did People v. Lee even come up? No, Your Honor, but where the record is silent, this court should take this opportunity to look at the statute because there's no indication in the record that the trial court did. For example, in People v. Hoffman, this issue was raised in the trial court. The trial court found that the statute did not apply, and that's how it came up into the appellate court and then the Supreme Court. There's no such discussion in this case, and this court should not read that discussion into the record because the statute just simply did not apply when counsel included it in the amended post-plea motion. The court could not apply it, so the court not discussing it should not be a bar from us actually arguing it on appeal. And there's good reason to do so, Your Honor, because the unambiguous plain language of the statute specifically allows for a sentencing deviation in this case. The current interpretation of Section 541C15 renders two out of the three enumerated categories of offenses neutralized. The only offense that's left on the table is what's implicated here, offenses involving the use or possession of drugs. Well, in 2025, in People v. Hoffman, the Illinois Supreme Court looked at that category and very specifically found that it only applies to possession of drugs, not any offenses involving possession. Well, it says offenses involving possession and in addition to other conduct, right? Yes, Your Honor. So what precluded the court, even if the court was going to consider this, what would preclude the court from deciding, well, it doesn't apply because this is not simple possession. This is possession involving other conduct, namely the trafficking of 11 pounds of cocaine. It's not somebody found with an eight ball in their pocket. It's somebody that's been trafficking 11 pounds of cocaine, acknowledged that he was aware it was illegal, knew what he was doing. And even his counsel argued he was aware of what they wanted him to do. He knew it was illegal because they were going to pay him a lot of money to do it. Why isn't that possession in addition to other factors? Your Honor, the trial court is free to find that. We're not disputing that the trial court might decide that the statute doesn't apply in this case. In fact, the trial court would have to find that the last two factors apply to, in fact, give a sentencing deviation. The statute specifically sets out that if the trial court applies the statute, the trial court must explain its reasoning on the record. So we'd ask this court if it finds that this statute does apply to class one felonies to remand so the trial court can make that determination. But we're back to where we started. We're saying that the court has to. No, Your Honor, the court doesn't have to. Of course you are. You're saying that we have to reverse the court, send it back, and tell them they have to consider this section. No, Your Honor. What really can happen is this court can remand it back and then defense counsel can bring this statute to the court's attention, bring in the evidence to support defense's position that the statute applies. And if the trial court finds that the statute doesn't imply and reimposes the mandatory 10-year term, then that would be the end of it. So there's no difference in where we are now. The court's already made that determination. It made it three times. At the original sentencing, at the motion for reconsideration, and at the amended motion for reconsideration, after being apprised of the statute, the court's decided that 10 years was an appropriate sentence. You're asking us to decide that the court's discretion should be something else. Your Honor, I definitely push back on the idea that the trial court considered this at the sentencing hearing or the motion to reconsider hearing. I agree with you. I already said that. It didn't come up because you guys sent it to the attorney and said, hey, you need to include this in an amended motion. So it came up on the amended motion. So the court had the amended motion. It said on the record it considered the amended motion. But we're supposed to decide, well, because it didn't turn out the way you'd like it, that no, the court didn't consider it, even though it said it did. The court had no discretion to consider it, and that would be our conclusion. Okay, wait a minute. Now we're going to push back because you're saying the court didn't have the discretion because People v. Lee was out there, although the record does not indicate in any way that anybody ever mentioned Lee, applied Lee, the court considered Lee. You're just saying that there's some ethereal barrier because there's a case out there that never apparently was even referenced in this case that somehow precluded the court from considering the sentence. I understand that that's the vehicle that you need to get this issue before us because otherwise it's just a clear abuse of discretion question, and it's not a matter of statutory interpretation. But there's nothing in this record to indicate that anybody felt that they were constrained by the existence of People v. Lee. Your Honor, the trial court is presumed to know the law. There is an absence of discussion on this specific issue, so this court could as easily presume that the trial court knew the law, knew that Lee applied, and decided not to discuss this issue because it couldn't be raised, because Mr. Rico-Foyland could not get a lesser prison sentence on that basis. Trial counsel was very specifically asking for probation, which is not something we're requesting in the appellate court. We know we can't ask for probation, but a lesser prison sentence may be warranted here where the trial court, to the extent that the trial court discussed sentencing options, it was to address that there were limited options in this case. The trial court very reasonably did not want to impose probation in this case. We are in no way suggesting that this offense is not a serious offense, but the trial court should have the ability to determine whether this statute applies, and based on this record, it's unclear whether the trial court actually considered the issue because the trial court is presumed to know the law, and under the law, Lee would have barred the trial court from applying this statute. The plain language and the legislative history support that this statute applies to Class I felony drug possession cases. This court is supposed to presume that the legislature did not intend absurd results when enacting legislation. Surely the legislature did not expect or intend that defendants who are convicted of possessing 100 or more grams of methamphetamine should be allowed to ask for sentencing grace under this statute, while those who are convicted of Class I drug possession cases cannot. The legislative history also supports that construction. The initial version of this statute before it became law was an open-ended, it applied to all offenses. As the amendments came through, initially the first two amendments increased the amount of excluded offenses. It took out robbery, sex offenses, crimes of violence. The last two amendments, however, replaced the list of ineligible offenses with the offenses that are eligible. The very fact that the amendments proceeded that way suggests that the legislature very clearly intended that this statute apply to retail theft, to driving on a revoked license due to unpaid financial obligations, and to certain drug possession offenses. Interpreting the statute in a way that renders those categories meaningless is contrary to the intent of the legislature. If this court finds that defendants who are convicted of a Class I felony drug possession can in fact ask for the child court to apply this statute, we'd ask this court to remand for a new sentencing hearing. Thank you. Thank you, Counselor. You will have an opportunity on rebuttal. Counselor, should we operate? May it please the court. Counsel, my name is Connor Gettin and I represent the state in this matter. Defendant does not qualify under the statute. As this court decided in Lee, when offenses are probationable, then they are not subject to a mandatory minimum sentence of imprisonment. So, his offense was probationable, ergo he is not eligible under the statute. Hoffman does not change that calculus, though it does limit the category of drug offenses. There would still be drug offenses that would qualify and it only limited drug offenses where there was also other conduct, as Justice DeArmond indicated. Let's assume for a minute that the court believed that the statute was potentially applicable. Once the court makes the determination that it's not going to impose probation, that the 10-year sentence is appropriate and reconsiders it twice, the third time being in light of the statute, why should we invade the discretion of the court? You should not invade the discretion of the court, even if the first part of the statute applied. The other, as the court pretty plainly indicated, or the court considered, I'm sorry, the other two parts of the statute would not apply to defendant as you said he trafficked over 11 pounds of cocaine. That was his crime and it would depreciate the seriousness of the offense if he was able to get a reduction. So, he wouldn't qualify under the other two prongs of the statute. The court did consider the argument before it, as you noted, ergo, we'd be looking at an abusive discretion standard, which would mean that this court should only overturn the trial court if the opposite conclusion was clearly apparent. The opposite conclusion was not apparent in this case. So, even under the abuse of power. Also, for the appellate argues that we're to assume that the trial court either did not consider the statute or considered the statute, but we're also to assume that the court felt itself constrained from applying the statute and therefore we should engage in some statutory interpretation or construction in sending it back. I do not think that is necessary to do. I think the court was aware of the argument and you review the outcome, not the reason that the court used. The court's decision was correct and within its discretion to do so, to not reduce defendant's sentence. Uh, I don't, if the court has any other questions for me, I would answer them, but otherwise I will rest on my brief and allow counsel to have her time. I see no questions. Thank you, counsel. Counselor for the appellate. Your Honor, we would urge this court to look at what happened at the motion, the amended motion to reconsider hearing and to determine that the record was silent. Neither this council nor the state, nor the trial court discussed this specific statute on the record. It was included in the amended post motion, but it was never discussed on the record. So, if this court were to presume that that meant the trial court decided that the statute was applicable and then didn't choose to apply it, then this court should also presume that the trial court knew that people legally barred it from, in fact, implying that statute because a fundamental principle in case law is that the trial court is presumed to know the law. So, where the record is silent, it shouldn't be held against the defendant, especially where we're discussing a statute that has been incorrectly interpreted to not apply to class 1 felony offenses. If this court has no further questions, we'd ask this court to find the class 1 felony offenses. Class 1 felony defendants can, in fact, ask for sentencing relief under this statute, and we mandate for the trial court to have the actual opportunity to look at this statute and determine whether it applies. I see no questions. Thank you, counsel. The court will take this matter under advisement. The court stands in recess. Thank you for your...